Good afternoon. May it please the court, I'm William Murphy and I represent the appellants in this matter, Nationwide Motor Sales and its two principals, William and Brandon Shady. This is a case that involves the district court's failure to require the plaintiffs in this matter to honor an arbitration agreement which they all executed. We asked the court to hold that the and that the employees at issue are required in need to arbitrate. The arbitration agreement here is part of and included within an employee handbook which is part of the appendix. It appears on the appendix page 136. It's a five paragraph agreement. It includes the first paragraph which says I expressly agree excepted otherwise provided any claim that arises out of or relates to my employment or termination of my employment must be resolved through final and binding arbitration. That goes on in the next several paragraphs to describe the arbitration process and it says clearly that an aggrieved party which could be either the employer or the employee has to take certain steps to initiate the arbitration and it defines how the arbitration is to be conducted in front of the AAA in Washington DC. The last paragraph says that by my signature on this acknowledgement receipt which is also included in the handbook, I confirm that I've read and understood each of the four sections set forth above in this agreement. Let's move to the issues in the case and it seems like it starts out and again the question is whether this is a mutually a mutual bindness in terms of the arbitration on both of the parties and it seemed to be some indication that perhaps you know that one side is but not the other. How do you address that? Well I think that this this agreement is written very much in terms of mutual agreement. Both sides are covered by the agreement and I would refer the court to the decision of this court in Hill versus PeopleSoft where a very similar actually the much simpler agreement I'm sorry not Hill I'm referring to a meal versus Hilton head that was an agreement that was one paragraph that says I understand that my employer makes available arbitration for resolution and I understand and I agree to submit any of my complaints to a final decision of the arbitration panel and in that case Judge Wilkinson said that any doubts concerning the arbitral issues should be resolved in favor of arbitration whether the problem at hand is the construction of the language or the allegation of waiver or delay said that the employer had proffered the agreement the employee had accepted the agreement and therefore each of them was bound by that by the process that the court went on to say that you know the employer having created this agreement and asked the employee to agree to submit all claims to arbitration the employer was not permitted just walk away and say it only applies to the employee it doesn't apply to me in this case our agreement nationwide agreement is much more mutual I mean it talks about aggrieved parties doesn't say just that the employer I'm sorry just that the employee furthermore judge Gallagher decided this case really based on the clause that is appears at the end of the manual and also at the end of the acknowledgement of where the employee signs and says that he's agreed to these things now that clause it appears it's the last page of the agreement of the handbook and what it says is that first of all it points out that there are several agreements contained within this handbook and I think that's very important because the four of the other agreements there is an agreement with respect to the use of demonstrator vehicles that an employee is not allowed to loan the vehicle to someone else can't drive around with four or five. Do you agree that the modification clause that you're talking about is illusory as applied to anything? Well I think what the what the clause says and what it talks about is company benefits there are a variety of benefits described in the handbook and the employer. It comes at the end of the acknowledgement, correct? It comes on the acknowledgement form? Yeah. Does the acknowledgement form is the employee acknowledging the arbitration provision? The employer I'm sorry the employee in the beginning of the form makes reference specific reference to that several references to other agreements and then the last paragraph talks about policies procedures and benefits which the employer may change. So is the employee by signing that acknowledgement receipt acknowledging to the arbitration provision? This is evidence that he read it and understood the agreement but it also... Doesn't the arbitration provision itself refer to the acknowledgement receipt that the must sign in order to acknowledge the arbitration provision? Well it says the last paragraph says by my signature on the acknowledgement receipt I confirm I've read and understood each of the four paragraphs set forth above in this agreement. But the disclaimer if you will does not say that the other agreements this agreement and the other three agreements are subject to change at the whim of the employer. It doesn't say that. It doesn't refer to agreements being subject to changes in the future and in other decisions... Isn't the modification clause very similar to modification clauses that have been found illusory in other cases? No your honor I think the difference is that this agreement stands on its own. The arbitration agreement does not make reference to the ability of the employer to change it. When you say the arbitration agreement what are you referring to? I'm referring to that that page in the handbook which sets out the agreement. Okay and where is it so we only look at that page you're saying that that page is the agreement. How do we know that both parties agree to that agreement? Well we know that... Do we have to look somewhere else? We know that the employer proffered it to the employee. He gave it to him and said this is my policy this is my offer do you accept? So the employer agreed to it. How do we know the employee agreed to it? What do we look at? Because he signed the acknowledgment saying I read it understand it I'm agreeing to it. And right above the employee's signature is the modification clause. Understood I understand that. Okay I think Judge actually had a question. I did. I wanted to ask about you keep mentioning the policies procedures and benefits and that's what the modification clause says you can modify. But it didn't look to me like and I wanted to get your thoughts about in the handbook most things are not called policies procedures or benefits. There's some things that are called agreements as you point out but most things don't have any one of those labels. So how do I how do I know according to your theory what is covered and what isn't covered by the modification clause? Well a lot of the things are fairly you know standard kinds of you know dress codes and telephone courtesy and maternity leave things like that. I think it's pretty clear from the from the phrase and the end of the acknowledgment clause that what it is talking about is benefits that are made available to the employee which are subject. Yeah you know it says policies procedures or benefits can be changed, abolished, modified. Well the full paragraph I mean the full sentence says I further understand that the employer has the right from time to time to make and enforce new policies or procedures and to enforce change abolish or modify existing policy procedures or benefits applicable to the employees as it may be necessary whether they have noticed. It never says agreements and these are there are four very important agreements that are set. But that's my that's my question that so that's my question is there are agreements in the handbook but there are a lot of things that aren't called policies or procedures or benefits and you want to hang a lot of importance on the title of agreement but I I'm trying to correlate that with what's in the handbook under your argument. Well my argument is that with respect to the agreements the agreements are not subject to unilateral change by the importer because it doesn't say that they are and your honor I would I would like to you know refer the court to a case that we didn't talk about in our briefs but it came to my attention Okay wait did you did you give this case you're about to talk about to opposing counsel? Yes I did your honor. Did you but the court doesn't have it? No unfortunately I did not pick it up until getting ready to argue the case just the other day I sent Mr. Markovitz an email telling him that I would rely on this case. It's a case that Judge Rushing sat on the panel it was decided. Okay well let go go right ahead but I would suggest that if you had time to send opposing counsel the case which I commend you for you would have had time to send it to the court as well. I didn't think was appropriate as a 28g letter your honor because it came down in 2020 before we had briefed this so it was really appropriate in that sense but the case was Ashford versus PricewaterhouseCoopers and the very first sentence. What's the site for it? I'm sorry 954 F 3rd 678 it's a 2020 decision written by Judge Quattlebaum, Judge Niemeyer and Judge Rushing joined. The Federal Arbitration Act expresses a strong policy in favor of arbitration based on that the Supreme Court and our court have consistently held the contractual provisions capable of being reasonably read to call for arbitration should be construed in favor of arbitration. The court went on to say that we reviewed de novo the enforceability of an arbitration provision and apply the strong federal policy in favor of enforcing those agreements. The FAA's policy of favoring arbitration agreements augments the ordinary rules of contract of contract interpretation and requires all ambiguities to be resolved in favor of arbitration. I believe that Judge Gallagher's approach in this case did not comport with Ashford. She essentially applied a summary judgment standard and said she was going to indulge all inferences in favor of the plaintiffs because we were in effect seeking summary judgment. That's not what a court should do under the Federal Arbitration Act. You should interpret the agreement consistent with the strong federal policy in favor of arbitration and if there's any ambiguity at all it should be construed in favor of arbitration. In this case we have a reasonable interpretation of this agreement and the acknowledgment. How does that square what how does that square with the ambiguity goes against the drafter of a this court holds an effect in Ashford. That policy does not apply when you're construing an arbitration case because of the Federal Arbitration Act and its strong policy. Well counsel to to give you the benefit of the presumption in favor of arbitrability don't we have to first see that we have a valid contract a valid agreement to arbitrate? Yes and you do but the reason that this is a valid agreement to arbitrate is that it's not an illusory promise. We made a promise our our company made a promise that it would arbitrate. We had an affidavit from the general manager Brandon Schaefer who said it has always been our policy that we will arbitrate all employment disputes. This policy has been in effect since 2004. There has never been a court case where Nationwide took an employee to court. They have resolved each and every employment dispute through the informal mediation process which has got the arbitration clause as part of that process if informal mediation fails. So this is a situation where this employer has always consistently applied the arbitration clause has lived by it has honored it and these employees have refused to do so. So you made a statement in terms of the presumption in favor of arbitrability. That really goes more to the question of validity of the arbitration procedure not to the scope of it. Isn't that correct? I think that in Ashford what the court said is that it goes towards the role of the court in that the arbitration provision is valid as applied. In Ashford itself it was a very unusual arbitration clause where PricewaterhouseCoopers. So I want to make sure I said that right the presumption applies to the scope of the agreement not to the question of its validity. I don't think so your honor. I think what another passage from Ashford. Check that out. You're going to have a little time in rebuttal. I want you to check that out because I'm that presumption is important that there is a differentiation and arbitration and I think typically arbitration is properly applied when you interpret in the scope of the arbitration you get that presumption but you're dealing with the validity of it that's a different question. I think that the scope. In fact I think you agreed when Judge Rushing raised that as well. Well I agree that there has to be a valid agreement to arbitrate. I agree that you just can't impose a you know willy-nilly upon an employee. But we want to get this whole concept of what you mean by the presumption in favor of arbitration. That's that's the key point you're making there and and here you've got this acknowledgement statement that is a part to some extent of this agreement and it even says it. I guess I guess if you don't sign that a sign of acknowledgement agreement you don't have you don't even have an agreement. Is that correct? If you don't sign the acknowledgement do you have an agreement? I would think if the employee didn't sign the acknowledgement he wouldn't have gone to work for the employer. That may follow but the question the question goes to whether you're going to have an arbitration agreement if he does work there. He doesn't sign it. I think your honor to answer the question I'll try to answer the question. In Bill versus PeopleSoft we had a situation where there were two agreements. One was an other was a policy or program that defined mediation arbitration and everything else. Well Hill had an arbitration agreement that would literally was a separate document. I mean it was a separate documents. This arbitration I mean when you're dealing with arbitration not signed by anybody and expressly incorporating the acknowledgement you got a different situation in Hill. At least the trial judge felt so. The trial judge felt so but I Because in Hill the IDS that PeopleSoft had included the arbitration as part of it and said that the IDS program the employee reserved the right to change or modify without notice. Okay what we're gonna do at this point I'm gonna ask the judges do you have any further questions this point otherwise we will we will let you come back as you've reserved time for rebuttal. Judges anything further at this point? No. All right we'll proceed on to hear from the affidavit in this case. Thank you Judge Wayne. May it please the court my name is Brian Markovitz and we represent Mr. Cody and the other salesmen that worked at Nationwide Motor Sales Corporation at their four dealerships. Judge Gallagher got this correct. This matter falls clearly within Cheek versus UnitedHealthcare which has been good law by the Maryland Court of Appeals since 2003 and the subsequent cases relying upon Cheek. The district court did what it was supposed to do here it decided whether a contract existed consistent with this courts Berkeley City's school district decision and the district court was correct. Cheek was a federal district court case out of Maryland? No your honor Cheek was from the Maryland Court of Appeals. I have the other case the Chertick case is what I'm looking at. Go ahead. Chertick is the District Court of Maryland that is wrong. Your honor the district court was correct you must have a contract before compelling arbitration. As Judge Rushing just had a discussion about Ashford. Ashford did not overturn the holding in Atkins versus Labor-Ready and I'll just quote that for for the court. Even though arbitration has a favored place there still must be an underlying agreement between the parties to arbitrate. Murphy is putting what this is what the district court referred to as the cart before the horse. You have to have an agreement to arbitrate first and I would also further note that when Mr. Murphy says that his client has never taken any steps to get out of arbitration and that may be true but Cheek also counsels that that doesn't matter. You look to what the agreement language says and frankly if you could focus on parties actions as opposed to what the language in a contract says I mean contract law would be kind of a mess. So you know we would assert that focus should be on the language here and the district court correctly found that there was no contract at all. Appellants are here and they did this in their pleadings and we also assert below they're coming up with after-the-fact rationalizations to support their positions and what we believe is the tortured interpretation of the language that's in this agreement which is evident by the questions that the members of this panel are asked previously. And on this whole business of whether you had a contract and the mutual consideration this O'Neill case pretty strong case and this binding precedent on us and some of the points you made O'Neill went directly to Your Honor, O'Neill is a pre-Cheek case that apparently addressed South Carolina law and didn't deal with actually in that case and I'll just quote the court it found multiple references in the EMI employee handbook which indicated that there was an agreement to arbitrate. I would point the court to the joint appendix which is at 136 where the agreement is here and paragraph 1 of the arbitration provision and appellants have conceded that that provision only covers employees claims only that's conceded and when you read this this language here it's I expressly agree meaning the employee it only covers employees claims and therefore O'Neill is considerably different because there are multiple references in the employee handbook that indicated that the employer was in fact bound to the to the agreement. We have no such thing here. I would note that Mr. Murphy just stated earlier he referred to the aggrieved party in paragraphs 2 through 4 of this so-called agreement. It does not say aggrieved parties it says aggrieved party singular and that's because the only party that can be file a claim in arbitration as conceded is from paragraph 1 and therefore that's just the employee. So O'Neill is a completely different type of case. Certainly if this had bound and been mutual for both parties we would we would have a different situation. We do not have that here and that is not what this language says. You know I would also note that recognizing this problem that appellants have gone and they're arguing a passive voice argument and I'm not going to pretend to be a linguistics expert but let's giving them the benefit of the doubt let's assume that there is some passive language in 2 through 4 it still doesn't change the fact that paragraph 1 has set the universe of claims that exist in this agree this so called agreement and those are only the employees claims that has been conceded by appellants and there's no language in 2, 3, or 4 that expands the universe. Yes your you're arguing that unless the party's rights are the same they're not both agreeing to be bound can't they both agree to be bound by the agreement even if one party has to arbitrate claims but the other you know doesn't have to arbitrate those particular claims I'm not saying that's what this contract says but they don't have to have the same obligations they both just have to be bound by the agreement your honor that I would agree with you and I would assert that this agreement you don't have to have the exact same claims I'm not I'm not asserting that what I'm stating is is that there are no claims whatsoever that have to be presented at all by the by the employer and that they do not have to even go to arbitration the aggrieved party the the process is laid out in paragraphs 2 through 4 the only obligation the only obligation on behalf of appellant is stated in paragraph 2 and that's in the pre arbitration efforts and that paragraph states this is a quote this is that appendix 136 the parties will then make a good faith effort to resolve any dispute covered by this agreement on an informal basis whatever that means and I would point the court to a decision from Judge Blake which is very persuasive to this situation which is Raglani versus Ripken professional baseball that's at 939 F sub 2d 523 and in that case the the agreement read very similar to what we have here the judge Blake found that it was one-sided onerous it lacked consideration and she noted that simply because the employer has a process for facilitating arbitration that that is not consideration and so I I would I would respectfully assert that there is there is no mutual mutuality of consideration and I I know we're asking you questions about this so it's totally appropriate for you to be talking about it but I the district court didn't decide this question correct I mean she certainly focused more on on mutuality I mean on the revocation clause I do believe that she had some language in there about mutuality I would not say that was the focus of her case of her of her order but she definitely focused much more on the revocation clause and she certainly reserved on all the other issues she didn't well if we if we rule in your favor that this is not a valid agreement because of the illusory language do we need to reach the mutuality issue we do not that's correct your honor I mean obviously if agreements invalid for any reason then well I can't say you'd have to to get to some of the other issues you'd have to have some sort of agreement and maybe unconscionability you'd have to reach another issue but but with respect to the illusory promise you would not have mutuality of consideration and with the revocation clause and therefore you would not have to reach on mutuality I mean that would certainly that would certainly not make it a valid agreement is under cheap so what I would say here is that you know concluding on this just to sort of put a bow on this paragraphs two through four do not add any mutuality of consideration paragraph one is the the universe of claims the argument about passive voice does not change the fact that there's a grieved party it's not parties and therefore there's no mutuality of consideration I would would assert that this case is very similar to the new he versus toll brothers case from this court which is from a 2013 in that case there was only one party that was bound to the agreement it was a it dealt with buyers and sellers of the mortgages one party had to follow certain procedures to initiate the arbitration process as here only one party could make claims covered by the arbitration and the plain language referenced claims by one party the aggrieved party which is again the employee and there was no consideration found by this court I would also note that I think new he's in some ways was you know even worse than our case that we have here because a newbie at least mentioned stated that any and all disputes would go to arbitration and this court still held that there was not mutuality of consideration as judge Wynn noted this case is not like Hill he'll had a separate at least let me touch on this for mutual out of consideration in that case on its face it required both parties to arbitrate and I'll touch on the revocation clause in a second here finally your honor as you mentioned Cherdak I think Cherdak which is a district court case from is very important in that it's very persuasive because they're actually two agreements in that case there weren't one appellant keeps talking about one agreement but there were actually two and one and one of the agreements there was one that applied to only the test takers of the ACT and there was another one that was a general arbitration provision and this case very much illustrates the way these this this goes with mutuality of consideration the one that had only applied to the test takers judge swung found was invalid from want of consideration there was not mutuality however the one that was a general provision that was applied to all the claims except save a few between the test takers and ACT he found that one was to the illusory issue that's before CEO thank you in this language and and reference in particular the sure so I think the important thing here to acknowledge and judge when you you you sort of hit the nail right on the head here which is I mean you know this is like the old main saying you can't get there from here the problem that appellants have is that they have to have this acknowledgement receipt in order to have some sort of agreement on paragraphs one through four and the problem is is that they have this reservation of rights clause that you know clearly applies to the six bullet points above and so in order to get some sort of acknowledgement that the employees in fact got this agreement and read it and signed off on it they have to refer to the acknowledgement receipt and these two documents actually refer to each other and and again that appellants are trying to make this distinction between an agreement and a policy and I guess now an argument here they're talking about benefits but when you look at the language here and as judge judge Gallagher correctly found there's nothing in the language here that indicates that agreements these are four separate agreements in fact the handbook says it's intended as a reference source regarding these policies procedures and benefits and and let's be clear I mean no one on this zoom call for instance would would draft an agreement or the acknowledgement this way if agreements were supposed to be outside of the revocation clause you would have at least some language in here that would state something to the effect of the four bullet points above the state as an agreement or not the revocation clause does not apply to this section you would either maybe have them in a separate heading or a separate section and none of that is present here the the average reader looking at this or just a legal reader as well would never look at this and say oh or these six bullet points are not included in as being applied for the revocation clause and the revocation clause reads almost exactly like cheek and so we would assert that this is an after-the-fact creation or rationalization to try to justify something else than what this agreement says this acknowledgement and that the court has to look at this in order to even get to to arbitration the court's indulgence one second with respect to Hill versus PeopleSoft which which appellant is is citing I think that case is almost in some ways the program this IDS program and Hill this court noted at least twice in there that that that IDS program did not contain a signature and so the fact that an offer letter referred to being incorporated it was separate and outside of the actual arbitration agreement here in order to even get to the employee having knowledge you have a signed document which is the acknowledgement receipt and then on top of it it's in an employee manual that also says in conclusion and has this very similar revocation clause so that that case is essentially essentially the opposite of what we had at here I would assert that this this case is very much like two district court opinions one by Judge Bennett and another by Judge Brim which I think that it's very persuasive very persuasive for the court one is Cahier versus Conifer valued based care LLC that's at 982 F sub 2e 582 that is a district court of Maryland case and in that case Mr. Cahier received an employee handbook with the so-called arbitration clause there was an acknowledgement receipt that contained a revocation of rights and Judge Bennett held that it was illusory based upon that revocation of in an unpublished decision Brent versus priority one Auto Group which is at 2016 Lexus one nine three seven three five which is from Judge Grimm in 2016 similarly had a situation where there was an acknowledgement receipt and it also contained a revocation of rights clause referencing back to the so-called arbitration and at the end and that employee manual there was also a square to our case as well and he held that was also an illusory promise and therefore no consideration I just would like to just very briefly conclude by saying that you know it's our belief there's no mutuality and that there's revocation clause makes this illusory and therefore there is no agreement the presumption of arbitrability does not apply unless you have an agreement and that this court should affirm the district courts ruling to the extent that the this court does not believe that the district court should be affirmed we believe that the relief that is being suggested by appellants is was incorrect because as noted earlier there are certain issues that have not necessarily been addressed by the district court such as statute limitations unconscionability and possibility and therefore the proper remedy should this court not agree with the district court is to remand it with instructions to address those issues because they were never addressed by the district court and therefore not before this court I will reserve in the rest of my time unless any of the panelists any other questions all right well thank you I don't know what you mean by reserve it but I guess do you have any further questions judges before we proceed Thank You mr. mark will Mr. Murphy you have just a few minutes you will you may proceed let me talk about three things one on mutuality obviously the judge did not rule on it and rightly so the paragraph the first paragraph that mr. Markowitz refers to says I expressly agree that any claim that arises out of or relates to my employment or termination of my employment must be resolved through final and bonding arbitration that's the passive voice language that creates a mutual obligation the employer has given the employee this document the employee says I agree all claims arising out of my employment must be resolved with final and binding arbitration that's mutual I sort of read that I thought that might be one of the weaker points you'd make if you want to reference that paragraph there's some others in there seem to have not be the first-person pronoun but that I in there I thought that was maybe I read it wrong but I thought that was probably the weaker point you would you you wouldn't focus on that well I got you but I think you're trying to broaden it out to say that is it is in context or something else maybe that's it's it's all mutual as reflected in the other paragraphs honor because the other prayers paragraphs do refer to an aggrieved party whichever party that might be and the parties in paragraph three I'm sorry in paragraph two now with respect to the the clause at the end of the acknowledgement I think that what judge Gallagher failed to contained in this document one of them is the agreement by the employee not to misuse a customer's credit information because car salesman get all sorts of credit information banking information all sorts of information about a customer's assets this agreement says you will not misuse that now that's what that agreement is now being rendered illusory according to judge Gallagher because of this clause at the end of the acknowledgement there's another agreement about not violating the telemarketing policies which are set by federal law there's another agreement that says you should not misuse your demonstrator vehicle you shouldn't use it to commit a crime now these are all agreements that these employees have made which are according to judge Gallagher's opinion rendered illusory by this admittedly awkward phrase at the acknowledgement but an awkward phrase or a lack of clarity does not dictate that there is no agreement because again I go back to Ashford and what Ashford said on that point is while the language of the agreement at issue is admittedly not a model of clarity we do not review it with a clean slate the FAA and our precedent tip the scales decidedly in favor of arbitration since the reading advanced by Pricewaterhouse is a reasonable interpretation of the language agreed to by the parties we must construe the agreement to permit the arbitration of Ashford's title 7 claims in like fashion the interpretation that we have that that that clause about changing policies does not apply to these agreements which the employee has said I agree to be bound by this I'm not going to misuse the telemarketing I'm not going to misuse the customers confidential information I'm not going to misuse your demonstrator all of those agreements I think Ashford really resolves this issue about reasonable interpretations if there is a reasonable interpretation that makes that arbitration agreement valid and binding that's the interpretation that this courts reach I think that's what Ashford said and I think that's what and that is what we are saying that there is a reasonable interpretation it might not be a model of clarity because these things are done by employers and this one was done 16 years ago but it's been followed it's been adhered to and if there is a reasonable interpretation that makes this arbitration clause binding and with that I thank the court look forward to the day when we can all shake hands at the end of the court as do we as do we that is something normally we would do and hopefully post Cove it once we are clear we can resume that tradition that's I believe is unique to our court in so many ways and something we relish is the opportunity to be with you so thank both of you thank you mr. Murphy mr. Markovich for being with us today and we will take your case in environment on an advisement in light of your great arguments
judges: James Andrew Wynn, Stephanie D. Thacker, Allison J. Rushing